658 A.2d 805

**Ricky E. LING, Appellant,**

v.

**Ruth Ann LING.**

Superior Court of Pennsylvania.

Argued Feb. 28, 1995.

Filed May 8, 1995.

Caram J. Abood, Johnstown, for appellant.

Ernest R. Walker, Johnstown, for appellee.

Before TAMILIA, JOHNSON and HUDOCK, JJ.

TAMILIA, Judge:

Ricky E. Ling appeals from the October 20, 1994 judgment entered following the August 22, 1994 Order denying his exceptions to and making final the master's report with regard to equitable distribution.

Husband raises one issue for our consideration: did the trial court err by failing to consider as marital property that interest or dividend income earned by marital property after separation? The appellee's counter-statement of the issue, however, properly characterizes the property, a bequest, as nonmarital property which increased in value both before and after final separation. The trial court found that the increase in value of a bequest after final separation is not marital property under the Divorce Code and is not subject to equitable distribution. We agree.

The parties were married in 1974. In 1982, husband's grandmother bequeathed to each party, a separate gift of 1,600 shares of Penn Traffic stock, valued individually at $22,400. The parties separated in May, 1987. Prior to separation, husband completely dissipated his gift by investing in a business which went bankrupt. During the marriage, more prudent wife retained her shares of stock in her own name until 1986 when she surrendered her shares and received approximately $90,000, $80,000 of which appellee reinvested in May, 1987, the month the parties separated.[1] In 1988, appel-

---

1. Of the remaining $10,000, $5,000 went to the parties' son and the other $5,000 went to household expenses.

lee withdrew $11,454 from the plan in which she had invested, and in 1989, she withdrew $10,969 more, leaving a 1990 balance of $57,937. During this same three-year, post-separation period, wife received a total of $25,089.33 in the form of interest and/or dividends.

The trial court found $57,959 of wife's stock to be characterized as marital property and therefore subject to equitable distribution. The $57,959 figure was arrived at by adding $11,454 plus $10,969 plus $57,937, and subtracting the original $22,400 gift.[2] Section 3501 of the Domestic Relations Code defines marital property for the purpose of equitable distribution:

(a) **General rule.**—As used in this chapter, "**marital property**" means all property acquired by either party during the marriage, including the increase in value, prior to the date of final separation, of any nonmarital property acquired pursuant to paragraphs (1) and (3), except:

. . . . .

(3) Property acquired by gift, except between spouses, bequest, devise or descent.

23 Pa.C.S. § 3501(a)(3). Accordingly, the court correctly found the $22,400 gift appellee received during the course of her marriage was not marital property, while the increase in value thereof during the parties' marriage was properly designated marital property for the purpose of equitable distribution. *See Smith v. Smith*, 439 Pa.Super. 283, 653 A.2d 1259 (1995). The challenge herein, however, is with regard to earnings acquired post-separation. In calculating that amount to be distributed, the master looked to wife's 1986 sale of her stock, one year prior to separation, the resultant $90,000 received, and wife's purchases/investments and withdrawals made up until 1990 when the stock was totally dissipated.[3]

2. In the interest of mathematical certainty, the actual net amount subject to equitable distribution, using the figures provided, is $57,960.

3. The commonsense accuracy of the $57,959 figure is buttressed, we believe, by looking at the basic calculation of 1986 $80,000 value, minus $22,400 gift, equals $59,600.

Appellant argues, however, the amount characterized as marital property subject to equitable distribution should include that $25,089.33 interest/dividend income received by wife after separation but prior to distribution. *Schneeman v. Schneeman,* 420 Pa.Super. 65, 615 A.2d 1369 (1992). Our reading of *Schneeman,* however, fails to provide the support appellant alleges. The master, in his thorough, well-reasoned findings, relied on *Solomon v. Solomon,* 531 Pa. 113, 611 A.2d 686 (1992), in support of his decision the post-separation interest or dividend income earned by appellee's stock was not marital property.

In the footnote to its decision, the Supreme Court distinguished between income generated by the principal of the trust and the appreciation of the principal itself. The Court stated that any interest or dividend income earned by the trust while the parties were married that was not paid out by the trust to the parties, but that remained in the trust, would be deemed marital property subject to equitable distribution. However, any dividend income or interest generated by the trust after the date of final separation would clearly belong to the wife who was the beneficiary of the trust. [*Solomon v. Solomon,* 531 Pa. 113, 121 n. 9, 611 A.2d 686, 690 n. 9 (1992) ]. Obviously, the Court has drawn a distinction between income earned from property that is classified as marital property because it was acquired or purchased during the marriage and income earned from nonmarital property, even though the appreciation in value of such nonmarital property constitutes marital property. In this case, the defendant testified that prior to separation she received approximately $900.00 per month in income from her investments. In addition, she testified that none of this income was reinvested, rather, it was utilized by her for household purchases and daily living expenses. After the parties separated, the defendant continued to receive the income earned from her investments, which income she used to support herself and her son. Thus, based upon the Supreme Court's discussion in *Solomon v. Solomon,* the Master believes that the income earned by the defendant's

investments and received by the defendant after the date of final separation does not constitute marital property and is not subject to equitable distribution, even though a portion of the principal does represent marital property.

(Master's Report, 6/10/94, pp. 23–24.) The *Solomon* court, in the footnote cited by the master, further highlighted the distinction between income earned from nonmarital property and that earned from property acquired during marriage, stating it was not concerned with "dividend or interest income generated by the [asset] that was received by the parties prior to or during the marriage, or any dividend or income generated by the [asset] after the date of final separation, which would clearly belong to [the owner of the asset]." *Id.* at 121 n. 9, 611 A.2d at 690 n. 9.

In similar vein, appellant cites *Oaks v. Cooper*, 536 Pa. 134, 638 A.2d 208 (1994), to support his position. In his brief at page 11, appellant states *Oaks* holds that marital property consists of not only the contributions that were made to an IRA prior to the parties' separation, but also post-separation income generated by those contributions up to the time of equitable distribution. This is a correct statement of the law as it deals with an IRA which is marital property. It does not, however, relate to this case wherein the asset in question, an inheritance, was not marital property, and the husband was entitled to share only to the extent of the increase in value to the date of final separation and not to the date of distribution. *See* 23 Pa.C.S. § 3501, *supra.* The court in *Oaks* distinguished between amounts contributed to the IRA account during the marriage and following separation. Those before separation were marital property, and those after separation were separate property.

Based on this language and the master's objective and sound reasoning, we find there was neither error nor an abuse of discretion. *See Smith, supra,* 439 Pa.Super. 283, 653 A.2d 1259.

Judgment affirmed.